UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
UNIVERSAL TRUCK & EQUIPMENT COMPANY, INC.,  :
NEW LONDON MINING, MANUFACTURING &          :
PROCESSING, LLC, NICHOLAS E. CAMBIO,        :
VINCENT A. CAMBIO, and NICHOLAS E. CAMBIO,  :
as Trustee of THE NICHOLAS E. CAMBIO,       :
RODNEY A. MALAFRONTE AND VINCENT A.         :
CAMBIO TRUST,                               :
                        Plaintiffs,         :
                                            :
              v.                            :   CA 10-466 S
                                            :
CATERPILLAR, INC., et al.,                  :
                        Defendants,         :
                                            :
        and                                 :
                                            :
CATERPILLAR FINANCIAL SERVICES CORPORATION  :
and SOUTHWORTH-MILTON, INC.,                :
                        Defendants and      :
                        Plaintiffs-in-      :
                        Counterclaim.       :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Defendant Caterpillar, Inc.'s Motion for Order of Default and for Attorneys' Fees and Costs (Docket ("Dkt.") #21) ("Motion for Default" or "Motion"). Because the Motion seeks, among other relief, dismissal with prejudice of Plaintiffs' claims against Defendant Caterpillar, Inc. ("Defendant" or "Caterpillar"), and the Court concludes that such relief should be granted, it is addressed by this report and recommendation. See Kelley v. Carcieri, C.A. No. 07-341 ML, 2008 WL 2227283, at *1 (D.R.I. May 20, 2008)(concluding that motion referred for determination was,

in fact, dispositive and addressing it by report and recommendation); cf. Haaf v. Flagler Constr. Equip., LLC, No. 10-62321-CIV, 2011 WL 3903127, at *2 (S.D. Fla. Sept. 6, 2011) (explaining that because "ruling does not strike a claim or defense ... this is a non-dispositive ruling that can be determined by a magistrate judge by order under Rule 72(a)").

## I. Background

Plaintiff New London Mining, Manufacturing & Processing, LLC ("New London"), purchased certain equipment from Defendant Caterpillar Financial Services Corporation ("CAT Financial") and signed Notes and Security Agreements ("Loan Documents"). The other Plaintiffs executed guarantees of New London's indebtedness. New London stopped making payments under the Loan Documents in April 2010. CAT Financial alleges that New London and the guarantors owe it over two million dollars.

In an apparent preemptive strike, on or about June 18, 2010, New London and the other Plaintiffs sued CAT Financial, Caterpillar, individual board members of Caterpillar, and Southworth-Milton, Inc. ("Southworth-Milton"),[1] in Kent County Superior Court (the "Superior Court") for breach of contract and fraud in connection with the loan agreements. See Notice of Removal (Dkt. #1); see also Complaint ¶¶ 66-91, 94-99. Plaintiffs

---

[1] Southworth-Milton, Inc., is apparently a dealer through whom New London obtained some or all of the equipment. See Complaint ¶¶ 8, 28-31.

2

also sought declaratory and injunctive relief.  Id. ¶¶ 92-93, 100-105.  Caterpillar moved to dismiss the claims against its board members for, among other grounds, failure to state a claim upon which relief can be granted.  The motion was granted.  Caterpillar represents (and Plaintiffs have not disputed) that the Superior Court invited Caterpillar (and the other defendants) to file motions for sanctions.[2]  See Defendant Caterpillar, Inc.'s Limited Opposition to Plaintiffs' Motion for Leave to File Supplemental Memorandum ("Defendant's Reply Mem.") at 2.  The motions for sanctions were filed but not heard because in the interim the case was removed to this Court on November 16, 2010.

## II. Facts[3] and Travel

Caterpillar served its first set of interrogatories to Plaintiffs on December 30, 2010.  See id.  Those interrogatories sought, in part, the details underlying the claims that Plaintiffs brought against Caterpillar.  See id.  On April 28, 2010, Plaintiffs served a response entitled "Plaintiff's [sic] Response to Defendant Caterpillar Inc.'s Interrogatories" ("Plaintiffs' Response").  See Defendant Caterpillar, Inc.'s Motion to Compel Responses to Interrogatories (Dkt. #19) ("Motion to Compel"),

---

[2] The Superior Court had also granted a motion to dismiss the claims against the president and executive vice-president of Caterpillar Financial Services Corporation ("CAT Financial").

[3] Except as noted herein, Plaintiffs have not disputed the facts as alleged by Caterpillar in Defendant Caterpillar, Inc.'s Limited Opposition to Plaintiffs' Motion for Leave to File Supplemental Memorandum (Dkt. #26) ("Defendant's Reply Mem.") at 2.

3

Exhibit ("Ex.") B ("Plaintiffs' Response"). However, Plaintiffs' Response did not respond to Caterpillar's interrogatories 8 through 25. See id. Instead, Plaintiffs inserted their responses to CAT Financial's interrogatories 8 through 25. See Motion to Compel at 2. This mistake was apparently due to the fact that interrogatories 1 through 7 propounded by CAT Financial and by Caterpillar were identical, and Plaintiffs failed to notice that beginning with Interrogatory 8 the two sets of interrogatories differed. See id.

On May 18, 2011, Caterpillar's counsel sent a letter to Plaintiffs' counsel Ira B. Lukens ("Mr. Lukens") which explained the problem with Plaintiffs' Response. The letter stated in relevant part:

> I am in receipt of the discovery responses you have served on my clients in this case. The interrogatories from Caterpillar, Inc. (as opposed to [CAT Financial]) have not been answered. Rather, it appears that you have taken the interrogatory responses to [CAT Financial]'s Interrogatories and simply labeled them as responses to Caterpillar, Inc.'s Interrogatories.

Affidavit of A. Neil Hartzell (Dkt. #27) ("Hartzell Aff."), Ex. A (Letter from Hartzell to Lukens of 5/18/11 (the "May 18th Letter")). Enclosed with the letter were copies of Caterpillar's interrogatories and the responses which Plaintiffs' counsel had provided. See id.

Mr. Lukens acknowledges that the May 18th Letter was sent to him by email but represents that he has no recollection of it and

that he was unaware of the mistake concerning the interrogatories until August 3, 2011.  See Affidavit of Ira Lukens, Esq[.] in Support of Plaintiffs' Objection to Defendant Cat Inc.'s Motion for Attorney Fees and Default ("Lukens Aff.") ¶ 5; see also Corrected Affidavit of Ira Lukens, Esq[.] in Support of Plaintiffs' Objection to Defendant Cat Inc.'s Motion for Attorney Fees and Default ("Corrected Lukens Aff.") ¶ 6.  Although the May 18th Letter bears a heading stating that it was sent "*Via E-mail and First Class Mail*," Hartzell Aff., Ex. A,  Mr. Lukens does not state in his corrected affidavit whether he also received the letter via First Class Mail, see Corrected Lukens Aff.[4]

On June 15, 2011, Caterpillar's counsel again wrote to Plaintiffs' counsel, addressing the letter this time both to Mr. Lukens and to Plaintiffs' other counsel, Richard G. Riendeau ("Mr. Riendeau").  See Hartzell Aff., Ex. B (Letter from Hartzell to Riendeau and Lukens of 6/15/11 (the "June 15th Letter")).  Like the May 18th Letter, the June 15th Letter bears a heading which states: "Via E-mail and First Class Mail."  Id.  The June 15th Letter stated:

---

[4] The address shown for Mr. Lukens on the May 18th Letter is the same address which he used for filings both before and after May 18, 2011. See Plaintiffs' Memorandum of Law Supporting Objection to Caterpillar Financial Services Corporation's Motion for a Writ of Replevin and Preliminary Injunction (Dkt. #15) at 13 (reflecting this address); Plaintiffs' Objection to Defendant Caterpillar Financial Services Corporation's Motion for a Writ of Replevin and Preliminary Injunction (Dkt. #16) at 1 (same); Plaintiffs' Objection to Defendant's Motion for Attorney Fees and Default (Dkt. #23) ("Plaintiffs' Objection") at 2 (same).

5

> Gentlemen:
>
> I have not received the revised answers to Interrogatories to *Caterpillar, Inc.'s First Set of Interrogatories to Plaintiff*. If I have not received them by Monday, June 20, 2011, I will proceed with a motion to compel.
>
> Very truly yours,
>
> A. Neil Hartzell

Id.

Mr. Lukens essentially denies receiving the June 15th Letter. See Corrected Lukens Aff. ¶ 7; see also Plaintiffs' Supplemental Memorandum in Support of Its Objection to Defendant's Motion for Attorney Fees and Default Judgment ("Plaintiffs' Supp. Mem.") at 2. There is nothing in the record from Mr. Riendeau regarding whether he received the June 15th Letter either by email or by First Class Mail.[5]

On June 27, 2011, Caterpillar filed a motion to compel responses to its interrogatories.[6] See Motion to Compel. The Motion to Compel did not contain the certification required by Fed. R. Civ. P. 37 (a)(1) "that the movant has in good faith conferred

---

[5] Mr. Lukens states that the problem with the mixed up discovery response is entirely his fault. See Plaintiffs' Supplemental Memorandum in Support of Its Objection to Defendant's Motion for Attorney Fees and Default Judgment ("Plaintiffs' Supp. Mem.") at 3.

[6] The certificate of service for Defendant Caterpillar, Inc.'s Motion to Compel Responses to Interrogatories (Dkt. #19) ("Motion to Compel") recites that a copy of the motion "was served on the attorneys for the other parties who are registered ECF users by electronic means pursuant to Local Rule 5.4(c) ...." Motion to Compel at 13. Both Mr. Lukens and Mr. Riendeau were registered ECF users as of June 27, 2011, the date the Motion to Compel was filed.

or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). No objection was filed to the Motion to Compel, and it was granted by text order on July 21, 2011. Like the May 18th Letter, the Motion to Compel clearly explained the problem with Plaintiffs' Response:

> That document did not respond to Caterpillar's Interrogatories 8 through 25. Instead, Plaintiffs inserted their response to co-defendant Cat Financial's Interrogatories for interrogatories 8 through 25. However, Cat Financial's Interrogatories 8 through 25 were different from the interrogatories served by Caterpillar, and Plaintiffs have failed to respond to Caterpillar's Interrogatories 8 through 25.

Motion to Compel at 2.

By virtue of the July 21, 2011, text order, Plaintiffs' responses to Caterpillar's interrogatories 7 through 25 were due by July 26, 2011.[7] No responses were received, and Caterpillar filed the instant Motion for Default on August 3, 2011. Plaintiffs responded on August 16, 2011, with their objection and an affidavit from Mr. Lukens. See Plaintiffs' Objection; Lukens Aff. On August 22, 2011, Plaintiffs filed a corrected affidavit from Mr. Lukens in which he acknowledged having received the May 18th Letter by email but also asserted that:

> Apart from this email at no other time did attorneys for [Caterpillar] Inc. attempt to confer with me by email, letter, telephone or other means in an attempt to cure

---

[7] The Motion to Compel sought compliance within five calendar days of the Court's allowance of the motion. See Motion to Compel at 12.

7

the problem of the mixed up interrogatories without court
action.

Corrected Lukens Aff. ¶ 7.

Caterpillar moved for leave to file a supplemental memorandum on August 25, 2011, which was granted on September 6, 2011, see Order Granting Motion for Leave to File Supplemental Memorandum (Dkt. #32). A hearing on the Motion was initially scheduled for September 27, 2011, but Caterpillar moved to reschedule the matter to October 11, 2011, because its counsel was scheduled to commence a trial in the Western District of Massachusetts on September 26, 2011. See Assented to Motion of Defendants Caterpillar Financial Services Corporation and Caterpillar, Inc. to Reschedule the September 27, 2011 Hearing (Dkt. #34). This motion was granted, and the hearing was rescheduled to October 11, 2011. The hearing was held on that date, and thereafter the Court took the matter under advisement.

### III. Law

Fed. R. Civ. P. 37(b)(2) states in relevant part: "If a party ... fails to obey an order to provide ... discovery ... the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2). Among the sanctions authorized is an "order striking pleadings in whole or in part ... or dismissing the action ...." Fed. R. Civ. P. 37(b)(2)(A)(iii), (v); see also Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 251 (1st Cir. 1999)("Rule 37(b)(2)(C) specifically provides for dismissal if a

party fails to comply with an order to provide discovery ....");
United States v. Palmer, 956 F.2d 3, 6-7 (1st Cir. 1992)("[I]n the ordinary case, where sanctions for noncompliance with discovery orders are imposed on a plaintiff, the standard judgment is dismissal of the complaint, with or without prejudice, while a judgment of default typically is used for a noncomplying defendant."); Luis C. Forteza e Hijos, Inc. v. Mills, 534 F.2d 415, 419 (1st Cir. 1976)("[I]n an appropriate case a district court has power ... to nonsuit a plaintiff[] for failure to comply with the court's orders or rules of procedure."). However, "[d]ismissal with prejudice 'is a harsh sanction' which runs counter to our 'strong policy favoring the disposition of cases on the merits.'" Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10 (1st Cir. 1991)(quoting Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990))(alteration in original); cf. Coyante v. Puerto Rico Ports Auth., 105 F.3d 17, 23 (1st Cir. 1997)("discovery abuse, while sanctionable, does not require as a matter of law imposition of [the] most severe sanctions available")(citing Anderson v. Beatrice Foods Co., 900 F.2d 388, 396 (1st Cir. 1990)); Affanato v. Merrill Bros., 547 F.2d 138, 141 (1st Cir. 1977)("isolated oversights should not be penalized by a default judgment").

Nevertheless, "[t]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the

consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Angulo-Alvarez v. Aponte de la Torre, 170 F.3d at 252; see also Serra-Lugo v. Consortium-Las Marias, 271 F.3d 5, 6 (1st Cir. 2001) (holding that district court acted "well within its discretion in dismissing the case after repeated violations of its orders and after having warned plaintiff of the consequences of non-compliance"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10-11 (1st Cir. 1991)(finding "plaintiff's conduct evidenced a deliberate pattern of delay and disregard for court procedures that was sufficiently egregious to incur the sanction of dismissal"). "[A] party's disregard of a court order is a paradigmatic example of extreme misconduct." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005); accord Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.")(citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)). Thus, "a party flouts a court order at his peril." Torres-Vargas v. Pereira, 431 F.3d at 393; accord Young v. Gordon, 330 F.3d at 82 ("it is axiomatic that 'a litigant who ignores a case-management deadline does so at his peril.'")(quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)).

When noncompliance with an order occurs, "the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Young v. Gordon, 330 F.3d at 81 (citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d at 46). The appropriateness of an available sanction depends upon the facts of the particular case. Torres-Vargas v. Pereira, 431 F.3d at 392.

**IV. Discussion**

Plaintiffs make three related arguments in opposition to the Motion for Default. First, Plaintiffs argue that the Motion to Compel was submitted in violation of the Federal Rules of Civil Procedure because it did not contain the certification required by Rule 37(a)(1) that Caterpillar's counsel had conferred or attempted to confer with counsel for Plaintiffs in a good faith effort to resolve the discovery dispute without court action. See Plaintiffs' Memorandum in Support of Its Objection to Defendant's Motion for Attorney Fees and Default Judgment ("Plaintiffs' Mem.") at 1-2. Although Plaintiffs acknowledge that they failed due to "an oversight," id. at 2, to object to the Motion to Compel, they argue that it would be contrary to the express rules and policies expressed through them to reward Caterpillar when the Motion to Compel was inadequate on its face, see id.

Second, Plaintiffs assert that Caterpillar "could have cured

the discovery problem with a simple communication to Plaintiffs' attorney explaining the mix-up in Plaintiffs' answers ... and requesting that Plaintiffs correct the error." Id. In his August 22, 2011, corrected affidavit, Mr. Lukens acknowledges that the May 18th Letter was sent to him by email, but states that he has "no recollection of this letter/email and was unaware of the mistake of the mixed-up interrogatories until recent weeks." Corrected Lukens Aff. ¶ 6. He posits that his "oversight may have been due to the fact that the email was sent late in the day (5:30 pm) on May 18, 2011[,] and on May 19, 2011[,] Plaintiffs were preparing for the mediation between the parties to be held the next day, Friday, May 20, 2011." Id.

Third, Plaintiffs cite the mitigating circumstances which led to the mix-up. Caterpillar and CAT Financial are represented by the same counsel, the interrogatories from each were propounded at the same time, and the first seven interrogatories in each set were identical. Plaintiffs' Mem. at 2. Plaintiffs also note that during the period when their responses to Caterpillar's interrogatories were due they were engaged in responding to other discovery requests propounded by the three Defendants in this case. Id. Among these were responses to the discovery requests contained in deposition notices sent to four of Plaintiffs' company officers and answering requests for admission from Defendants. Id. at 2-3.

Addressing Plaintiffs' arguments in order, the failure of a

party to comply with the certification requirement of Rule 37(a)(1) is a significant omission. In some instances, where the omission has been brought to the Court's attention, it has caused this Magistrate Judge to deny relief to the movant. Here, however, Plaintiffs did not object to the Motion to Compel, and the Court treats Plaintiffs' Rule 37(a)(1) objection as having been waived.

Turning to Plaintiffs' second argument, Mr. Lukens maintained both in his initial affidavit and at the hearing on the Motion for Default that Plaintiffs did not know that there was a problem with their answers to Caterpillar's interrogatories until August 3rd when Caterpillar filed the instant Motion.[8]  See Lukens Aff. ¶ 5.[9] Plaintiffs fault Caterpillar for allegedly making minimal effort to bring the problem to the attention of their counsel. On this record, however, the Court cannot agree that Caterpillar's efforts to alert Plaintiffs to their error were minimal. That record indicates that Caterpillar's counsel: sent the May 18th Letter by both email and First Class Mail to Mr. Lukens; sent the June 15th

---

[8] Indeed, Mr. Lukens re-affirmed in his corrected affidavit that:

Apart from [the May 18th email] at no other time did attorneys for [Caterpillar] attempt to confer with me by email, letter, telephone or other means in an attempt to cure the problem of the mixed-up interrogatories without court action.

Corrected Lukens Aff. ¶ 7.

[9] As already noted, Mr. Lukens has filed a corrected affidavit. See Corrected Lukens Aff. However, the corrected affidavit does not affect the representation that he "was not aware of this mix-up until [he] received [Caterpillar]'s motion for attorney fees and default." Lukens Aff. ¶ 5.

13

Letter by both email and First Class Mail to Mr. Lukens and also to Mr. Riendeau; and filed the June 27th Motion to Compel. The May 18th Letter and the Motion to Compel both clearly explained the problem with Plaintiffs' responses to Caterpillar's interrogatories.

For Mr. Lukens not to have known of this problem until August 3rd necessarily means that, in addition to overlooking the May 18th email, Mr. Lukens: (1) did not receive (or overlooked) the May 18th Letter sent by First Class Mail, (2) did not receive (or overlooked) the June 15th Letter sent by email and First Class Mail, (3) did not receive (or overlooked) any communication from Mr. Riendeau regarding the June 15th Letter which was addressed to both attorneys,[10] and (4) did not read (or overlooked) the Motion to Compel. In addition, Caterpillar's counsel also affirmed in his affidavit that:

> Before one of the depositions in this case, (I believe it was either the deposition of Nicholas Cambio or Vincent Cambio on June 30, 2011, July 1, 2011[,] or July 5, 2011) I sat in the room where the deposition was being taken with Mr. Lukens, counsel for plaintiffs and Mr. Ratcliffe, counsel for Southworth-Milton and the witness. Before the deposition started, Mr. Lukens spoke to me and said to me that he would provide the responsive answers to Caterpillar's interrogatories "soon."

Hartzell Aff. ¶ 4. While the above does not directly contradict

---

[10] Admittedly, there is no evidence that Mr. Riendeau sent any communication to Mr. Lukens as a result of the June 15th letter. However, it is also true that Plaintiffs have not filed an affidavit from Mr. Riendeau disputing his receipt of the June 15th Letter. Given that Mr. Riendeau is the first addressee on the letter, it is not unreasonable to think that it would have prompted Mr. Riendeau to communicate with Mr. Lukens regarding who would take care of the matter raised in the letter.

14

Mr. Lukens' claim that Caterpillar's attorneys did not attempt to speak to him in an attempt to cure the mix-up, see Corrected Lukens Aff. ¶ 7, it suggests an awareness that Plaintiffs' responses to Caterpillar's interrogatories needed to be supplemented.[11]

As for Plaintiffs' third argument, the Court agrees that Plaintiffs' initial error in assuming that Caterpillar's interrogatories were identical in all respects to those propounded by CAT Financial was understandable under the circumstances. The identical wording of the first seven interrogatories and the fact that both interrogatories were propounded by the same counsel created conditions conducive to a mistake. However, what is at issue here, however, is less Plaintiffs' initial failure to provide the discovery and more what Plaintiffs did after they became aware of their error.

The Court is satisfied that Caterpillar's counsel, despite his noncompliance with the certification requirement of Rule 37(a)(1), made reasonably diligent efforts to bring the problem to the attention of Plaintiffs' counsel. The Court also concludes that it is not necessary to determine whether Mr. Lukens had actual knowledge of the problem prior to August 3rd. Even if he did not,

---

[11] Mr. Lukens described the conversation with Mr. Hartzell as a ten second exchange which he (Mr. Lukens) thought was about some other discovery which Plaintiffs owed to Mr. Hartzell's clients. The Court need not resolve this factual dispute. As explained hereafter, even accepting Mr. Lukens' claim that Plaintiffs were not aware of the mix-up until August 3, 2011, Caterpillar's request for default should be granted.

Plaintiffs' conduct thereafter warrants the granting of this Motion to the extent that it seeks the entry of default.

In reaching this conclusion, the Court is strongly influenced by the fact that Plaintiffs represented in their August 16, 2011, memorandum that they stood "ready to rectify the error with timely and responsive answers to [Caterpillar]'s interrogatories." Plaintiffs' Mem. at 4. Notwithstanding this representation (and the knowledge that they had failed to comply with the Court's order of July 21, 2011), Plaintiffs had still not provided Caterpillar with answers to the interrogatories at issue when the Motion was heard on October 11, 2011. While Mr. Lukens argued that all that was lacking was a signature on the interrogatories, the fact remains that Plaintiffs had almost twice as long as the original 30 day period prescribed by Rule 33(b)(2) to provide Caterpillar with the long overdue responses and failed to do so. Cf. Damiani v. Rhode Island Hosp., 704 F.2d 12, 16 (1st Cir. 1983)("When a plaintiff brings a lawsuit such as this, necessarily involving detailed and lengthy discovery, he must adhere strictly to the rules. The day has long since passed when we can indulge lawyers the luxury of conducting lawsuits in a manner and at a pace that best suits their convenience. The processing of cases must proceed expeditiously if trials are to be held at all.").

The Court is also influenced by the following facts. The documents constituting the contracts were executed between New

16

London and CAT Financial, see Complaint ¶¶ 34-38, 45, and Caterpillar has understandably complained that the factual basis for Plaintiffs' claims against it are unclear. The interrogatories at issue were designed to determine the basis for those claims. See Motion to Compel at 6-12. They had been propounded on December 30, 2010. More than nine months later, by the time of the October 11th hearing, Caterpillar still did not know the factual basis for Plaintiffs' claims against it.[12] Viewed against the background of the Superior Court's dismissal of Plaintiffs' claims against individual board members of Caterpillar and that Court's invitation for Caterpillar to file motions for sanctions (which invitation Plaintiffs have not disputed), the failure to provide answers by October 11th causes this Court to conclude that this is not a case where a lesser sanction is warranted. Accordingly, to the extent that Motion seeks dismissal, I recommend that it be granted. See Damiani, 704 F.2d at 15 (noting that Supreme Court has emphasized "that Rule 37 sanctions must be applied diligently as both punishment for the offender and to deter putative offenders").

---

[12] It also bears noting that Plaintiff Nicholas E. Cambio, the principal of New London, walked out of his deposition after, among other things, repeated failures to respond to questions posed to him by Southworth-Milton. See Memorandum in Support of Southworth-Milton's Motion to Compel, for Sanctions and for Protective Order against New London Mining, Manufacturing & Processing, LLC, Universal Truck & Equipment Company, Inc. and Nicholas E. Cambio, Ex. B (Transcript of Deposition of Nicholas E. Cambio) at 117. Counsel for Caterpillar and CAT Financial did not have the opportunity to question him.

17

To the extent that the Motion seeks attorneys' fees, I do not recommend that it be granted because the dismissal of Plaintiffs' claim is in itself a severe sanction. In addition, the Court has determined that the Motion should be granted because of Plaintiffs' post-August 3rd failure to provide responses to the interrogatories at issue, and the instant Motion was filed on that date.

**V. Conclusion**

For the reasons stated above, to the extent that the Motion for Default seeks entry of default and dismissal of Plaintiffs' claims against Caterpillar, I recommend that it be granted. To the extent that the Motion seeks attorneys' fees, I recommend that the Motion be denied.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 30, 2011