```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNIVERSAL TRUCK & EQUIPMENT        )
COMPANY, INC.; NEW LONDON MINING,  )
MANUFACTURING & PROCESSING, LLC;   )
NICHOLAS E. CAMBIO; VINCENT A.     )
CAMBIO; and NICHOLAS E. CAMBIO,    )
as Trustee of THE NICHOLAS E.      )
CAMBIO, RODNEY A. MALAFRONTE AND   )
VINCENT A. CAMBIO TRUST,           )
          Plaintiffs,              )
                                   )
     v.                            )    C.A. No. 10-466 S
                                   )
CATERPILLAR, INC., et al.,         )
          Defendants,              )
                                   )
and                                )
                                   )
CATERPILLAR FINANCIAL SERVICES     )
CORPORATION and                    )
SOUTHWORTH-MILTON, INC.,           )
                                   )
          Defendants and           )
          Plaintiffs-in-           )
          Counterclaim.            )
_____)
```

## ORDER

WILLIAM E. SMITH, United States District Judge.

Caterpillar Financial Services Corporation ("Cat Financial") filed a Second Motion for a Preliminary Injunction ("Second Mot. for PI") (ECF No. 38), seeking an order enjoining Plaintiffs Universal Truck & Equipment Company, Inc. ("Universal"), New London Mining, Manufacturing & Processing, LLC ("New London"), Nicholas E. Cambio ("Nicholas"), Vincent A.

Cambio ("Vincent"), and Nicholas, as Trustee of the Nicholas E. Cambio, Rodney A. Malafronte and Vincent A. Cambio Trust (the "Trust"), from transferring their assets, subject to certain conditions.  Magistrate Judge David L. Martin issued a Report and Recommendation ("R&R") dated April 27, 2012 (ECF No. 80), recommending that the motion be denied.  Before the Court is Cat Financial's Objection to the R&R (ECF No. 83), which is in fact a partial objection (hereinafter "Partial Objection").

At the hearing on its Partial Objection, Cat Financial clarified that it is now seeking a preliminary injunction enjoining New London from transferring, encumbering, or selling any assets in which Cat Financial has a security interest and that it does not object to the Magistrate Judge's recommendation that its motion be denied with respect to the assets of Plaintiffs Universal, Nicholas, Vincent, and the Trust, or with respect to the assets of New London in which Cat Financial does not have a security interest.  What Cat Financial does challenge is the Magistrate Judge's finding that Cat Financial does not have a security interest in any of New London's assets.  It asserts that it has a security interest in certain of New London's equipment pursuant to a collateral pledge agreement entered into by the parties in 2009 as part of the refinancing between Cat Financial and New London (hereinafter referred to as the "Pledged Collateral").  (See Mem. in Supp. of Cat

2

Financial's Obj. to Mag.'s R&R 2, ECF No. 84 (citing Ex. G to Aff. of Marion Covell, ECF No. 11-7).) According to Cat Financial, this fact entitles it to an "asset freeze of that equipment." (Id.) New London does not dispute that Cat Financial maintains a security interest in this Pledged Collateral.

Having determined that Cat Financial does have a security interest in the Pledged Collateral, the Court turns to the familiar four-part test for issuing a preliminary injunction. The oft-recited inquiry requires weighing the following factors to determine the appropriateness, vel non, of the Court exercising its equitable powers in the preliminary stages of litigation:

> (1) the plaintiff's likelihood of success on the merits, (2) the likelihood of irreparable harm, (3) the balance of relevant equities, and (4) the effect of the court's action on the public interest.

Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 5 (1st Cir. 2012). Moreover, it is firmly established that "the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (quoting Weinberger v. Romero-Barceló, 456 U.S. 305, 312 (1982)); see also 11A Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and

Procedure, § 2948.1, at 139 (2d ed. 1995) (noting that "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered").

Cat Financial's irreparable harm argument is not the model of clarity. It argues variably that it will endure irreparable harm if Plaintiffs are "free to transfer their assets and prevent Cat Financial from collecting on its expected judgment" (Reply of Cat Financial to Pl.'s Opp. to Second Mot. for PI 4, ECF No. 51), and because New London's continued use of the assets, without payment, renders Cat Financial's security interest "meaningless" (Mem. of Law in Support of Cat Financial's Second Mot. for PI 9, ECF No. 39.) But Cat Financial cites no authority suggesting that these arguments are sufficient to demonstrate irreparable harm. Rather, in the cases that Cat Financial cites, the likelihood of irreparable harm is established by the looming insolvency of the non-moving party or the veritable risk that the moving party would not be able to collect a judgment because the non-moving party had expressed its intention to transfer secured assets.[1] (See Reply

---

[1] In its briefing, Cat Financial suggests that New London may be insolvent by stating that New London has failed to pay for its financed equipment and has failed to respond to Cat Financial's Second Request for Production of Documents, which

4

6 (citing Fairview Mach. & Tool Co. v. Oakbrook Int'l, Inc., 77 F. Supp. 2d 199, 201, 205 (D. Mass. 1999) (entering a preliminary injunction where the court found that there was "a substantial likelihood that defendant will be unable to pay any ultimate judgment," because it intended to sell most of its assets)); Mem. of Law in Support of Cat Financial's Second Mot. for PI 9 (citing Teradyne, Inc. v. Mostek Corp., 797 F.2d 43, 52 (1st Cir. 1986) (finding support for a preliminary injunction where the issue before the court was "whether injunctive relief restraining the transfer of assets can be granted when the district court finds that the defendant may be insolvent before a final judgment is entered . . ." (emphasis added))).) Moreover, the First Circuit has noted that a security interest, in the absence of a showing of insolvency or some other troublesome indicator, may actually work against a secured creditor, because the security interest constitutes "an alternative means for ensuring payment of any judgment that [the creditor] eventually might obtain." Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 163 (1st Cir. 2004) (noting that "[t]he existence of this anchor to windward [i.e., the perfected security interest] further undermines [the creditor's]

---

sought documents concerning the assets and financial condition of Plaintiffs. This argument, however, does not satisfy the Court that New London is insolvent. If Cat Financial were to obtain more concrete record support for this argument, it could file a new motion for a preliminary injunction.

argument that it is facing an intolerable risk of irreparable harm").

Here, there is no record support underlying Cat Financial's worry that New London may transfer the Pledged Collateral or showing that the requested injunction would prevent the irreparable harm claimed by Cat Financial, i.e., that the Pledged Collateral may deteriorate from continued use. In contrast to Cat Financial's first motion for a preliminary injunction and writ of replevin, which facilitated the return of assets to Cat Financial, freezing the Pledged Collateral would do nothing to guard against the purported irreparable harm of depreciation; indeed, Cat Financial made clear at oral argument that it did not seek to enjoin New London from operating the equipment.

Without more, Cat Financial has plainly failed to establish irreparable harm in the absence of an injunction, and so, its Partial Objection must be rejected with respect to that argument. Accordingly, the Court hereby ADOPTS the R&R insofar as it concludes that a preliminary injunction should not be issued as to Universal, Nicholas, Vincent, and the Trust. The Court hereby REJECTS the R&R insofar as it concludes that Cat Financial is not entitled to a preliminary injunction as to New London because it does not have a security interest in its assets. Cat Financial's Partial Objection to the R&R is

6

ACCEPTED IN PART AND REJECTED IN PART; and Cat Financial's Second Motion for a Preliminary Injunction is DENIED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: July 17, 2012