UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                       )
UNIVERSAL TRUCK & EQUIPMENT            )
COMPANY, INC., NEW LONDON MINING,      )
MANUFACTURING & PROCESSING, LLC,       )
NICHOLAS E. CAMBIO, VINCENT A.         )
CAMBIO, and NICHOLAS E. CAMBIO,        )
as Trustee of THE NICHOLAS E.          )
CAMBIO, RODNEY A. MALAFRONTE AND       )
VINCENT A. CAMBIO TRUST,               )
                                       )
         Plaintiffs,                   )
                                       )
    v.                                 )   C.A. No. 10-466 S
                                       )
CATERPILLAR, INC., et al.,             )
                                       )
         Defendants,                   )
                                       )
and                                    )
                                       )
CATERPILLAR FINANCIAL SERVICES         )
CORPORATION and                        )
SOUTHWORTH-MILTON, INC.,               )
                                       )
         Defendants and                )
         Plaintiffs-in-                )
         Counterclaim.                 )
_____)
```

**Order**

WILLIAM E. SMITH, United States District Judge.

On April 30, 2013, this Court held a hearing on Defendant Southworth-Milton, Inc.'s ("Southworth") Motion for Attorneys' Fees. (ECF No. 106.) At the conclusion of the hearing the Court announced its ruling from the bench. This Order is designed to

memorialize the Court's ruling at the hearing and specify the amount owed.

The Court may award Southworth its attorneys' fees in reliance on either its inherent power or Rhode Island law. "It is beyond serious dispute that a federal court possesses inherent power to shift attorneys' fees when parties conduct litigation in bad faith." Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-766 (1980)). Additionally, Rhode Island General Laws section 9-1-45 allows a court to award reasonable attorneys' fees to the prevailing party in a breach of contract case if there is a complete lack of justiciable issues of law or fact. R.I. Gen. Laws § 9-1-45.

Plaintiffs' allegations against Southworth in this case are clearly frivolous. As I stated when ruling on Southworth's Motion for Summary Judgment, Plaintiffs' claims that Southworth was a "third-party beneficiary" to the contract between New London Mining, Manufacturing & Processing, LLC and Caterpillar Financial Services Corporation was without support in the law. (Hearing Tr. 19:21-25, July 19, 2012, ECF No. 103.) Plaintiffs' allegations that Southworth entered into an oral contract with any Plaintiffs is similarly without merit. Such baseless claims present no justiciable issues of law or fact and exhibit bad faith on the part of Plaintiffs. Therefore, an award of

2

attorneys' fees to Southworth is warranted. Accordingly, Southworth's motion was GRANTED and Plaintiffs were ordered to pay Southworth its attorneys' fees, amounting to $69,333.00.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  May 8, 2013