```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
UNIVERSAL TRUCK & EQUIPMENT         )
COMPANY, INC.; NEW LONDON MINING,   )
MANUFACTURING & PROCESSING, LLC;    )
NICHOLAS E. CAMBIO; VINCENT A.      )
CAMBIO; and NICHOLAS E. CAMBIO,     )
as trustee of THE NICHOLAS E.       )
CAMBIO, RODNEY A. MALAFRONTE AND    )
VINCENT A. CAMBIO TRUST,            )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )   C.A. No. 10-466 S
                                    )
CATERPILLAR, INC.,                  )
                                    )
        Defendant,                  )
                                    )
and                                 )
                                    )
CATERPILLAR FINANCIAL SERVICES      )
CORPORATION and SOUTHWORTH-MILTON,  )
INC.,                               )
                                    )
        Defendants and              )
        Counterclaim Plaintiffs.    )
_____)

## **ORDER**

WILLIAM E. SMITH, Chief Judge.

Defendant Caterpillar, Inc. ("Caterpillar") and Defendant and Counterclaim Plaintiff Caterpillar Financial Services Corporation ("Cat Financial" and, collectively with Caterpillar, "the Caterpillar Defendants") have moved for entry of final judgment in their favor. (ECF No. 153.) This Court previously granted summary judgment in the Caterpillar Defendants' favor.

(ECF No. 101.) Plaintiffs do not oppose the Caterpillar Defendants' request for entry of final judgment or Caterpillar's entitlement to $68,181.89 in attorneys' fees and costs previously awarded by this Court (ECF No. 142).

Plaintiffs object to the reasonableness and necessity of the expenses incurred and the commercial reasonableness of the resale prices obtained by Cat Financial for the repossessed equipment. (Pls.' Response to Second Fox Aff. 1-3, ECF No. 184.) This objection is meritless. The expenses incurred, which consisted of transportation and repair costs as well as sale commissions, are detailed in the Second Affidavit of Tom Fox (ECF No. 167), and this Court finds that the First and Second Fox Affidavits adequately establish the reasonableness of these expenses. Additionally, the First Fox Affidavit (ECF No. 153-2), which chronicles Cat Financial's efforts to resell the equipment, establishes the commercial reasonableness of the disposition of the equipment. See R.I. Gen. Laws § 6A-9-627(b).[1]

---

[1] Accordingly, the presumption announced in Assocs. Capital Servs. Corp. v. Riccardi, 408 A.2d 930, 934 (R.I. 1979), is inapplicable.

Finally, the figures contained in the Second Fox Affidavit appear to be accurate.[2]

Cat Financial also requests its attorneys' fees and costs. (Defs.' Mot. 5-6, ECF No. 153-1.) Although Plaintiffs do not contest that the governing documents between the parties in this case entitle Cat Financial to an award of its attorneys' fees and costs, they object that the rates charged are excessive and the submitted billing records are too heavily redacted. (Pls.' Opp'n 5, ECF No. 158-1.) Neither objection has any merit. The rates charged by Cat Financial's counsel have already been approved as reasonable by this Court in connection with Caterpillar's motion for an award of attorneys' fees and costs, and Brooks Magratten, Esq. has submitted an affidavit in which he opines that the hourly rates are "reasonable and customary." (Magratten Aff. ¶ 10, ECF No. 153-4.) Plaintiffs have not offered any evidence to the contrary, and this Court finds, once again, that the hourly rates are reasonable. Finally, Cat Financial has represented that the submitted billing records were redacted only to the extent necessary to protect privileged information, and this Court determines that the amount of redactions is not substantial. Therefore, Cat Financial is

---

[2] Apart from the reasonableness of the expenses and resale prices, Plaintiffs do not dispute the figures contained in the Second Fox Affidavit.

entitled to an award of $235,192.97 in attorneys' fees and costs.

For these reasons, the Caterpillar Defendants' motion is GRANTED; final judgment in Caterpillar's favor hereby enters in the amount of $68,181.89; and final judgment in Cat Financial's favor hereby enters in the amount of $2,553,203.50, plus $235,192.97 in attorneys' fees and costs. Plaintiffs shall be jointly and severally liable for these judgments.

IT IS SO ORDERED.

/s/ W. E. Smith
William E. Smith
Chief Judge
Date: April 22, 2015