UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                       )
UNIVERSAL TRUCK & EQUIPMENT            )
COMPANY, INC.; NEW LONDON MINING,      )
MANUFACTURING & PROCESSING, LLC;       )
NICHOLAS E. CAMBIO; VINCENT A.         )
CAMBIO; and NICHOLAS E. CAMBIO,        )
as trustee of THE NICHOLAS E.          )
CAMBIO, RODNEY A. MALAFRONTE AND       )
VINCENT A. CAMBIO TRUST,               )
                                       )
          Plaintiffs,                  )
                                       )
     v.                                )   C.A. No. 10-466 S
                                       )
CATERPILLAR, INC.,                     )
                                       )
          Defendant,                   )
                                       )
and                                    )
                                       )
CATERPILLAR FINANCIAL SERVICES         )
CORPORATION and SOUTHWORTH-MILTON,     )
INC.,                                  )
                                       )
          Defendants and               )
          Counterclaim Plaintiffs.     )
_____)
```

## ORDER

WILLIAM E. SMITH, Chief Judge.

Defendant and Counterclaim Plaintiff Caterpillar Financial Services Corporation ("Cat Financial") and Defendant Caterpillar, Inc. ("Caterpillar") (collectively, "Defendants") have each filed five applications for writs of execution against Plaintiffs. (ECF Nos. 202-206 and ECF Nos. 207-211, respectively.) Plaintiffs, Universal Truck & Equipment Company,

Inc., New London Mining, Manufacturing & Processing, LLC, Nicholas E. Cambio, Vincent A. Cambio, and Nicholas E. Cambio, Trustee ("Plaintiffs") have moved to stay the proceedings pursuant to Fed. R. Civ. P. 62(h) and 62.1, and have moved to deny issuance of the various writs of execution. (ECF Nos. 212 and 213.) This Court now considers both sets of motions.

"Except where stayed by statute, rule or order of the Court, a party in whose favor judgment has been entered may execute on the judgment 14 days after judgment has been entered . . . ." LR Cv 69(a). Ordinarily, a plaintiff "would be required to post a supersedeas bond if [it] wants execution of the judgment stayed pending [ ] appeal." Trustmark Ins. Co. v. Gallucci, 193 F.3d 558, 559 (1st Cir. 1999); see Fed. R. Civ. P. 62(d). Here, Plaintiffs have appealed this Court's judgment against them and seek to stay execution of the judgment during their appeal. Plaintiffs, however, try to avoid posting a supersedeas bond to secure the stay by moving to stay under Fed. R. Civ. P. 62(h) and 62.1.[1] Plaintiffs' reliance on these rules is misplaced.

Rule 62(h) applies to partial judgments issued pursuant to Rule 54(b). See Fed. R. Civ. P. 62(h) ("A court may stay the

---

[1] Plaintiffs do not dispute that Defendants filed valid writs of execution and that the writs accurately state the judgment entered against Plaintiffs.

2

enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments . . . ."); Fed. R. Civ. P. 54(b) (governing judgments "as to one or more, but fewer than all, claims or parties . . ."). Rule 62.1 applies to motions filed with the district court that the court cannot grant because of a pending appeal. Typically, this involves motions for relief from a final judgment brought under Rule 60(b). See Fed. R. Civ. P. 62.1, Advisory Committee Notes.

Neither of these rules applies to Plaintiffs' case. Plaintiffs do not seek to stay a partial judgment. The Court has decided all issues as to all parties in this action. (See ECF No. 101 (granting summary judgment in favor of Cat Financial and Caterpillar and dismissing Plaintiffs' claims); see also Text Order issued on July 19, 2012 (granting Defendant Southworth-Milton, Inc. summary judgment on all counts).) Further, Plaintiffs' appeal of this Court's final judgment does not deprive the Court of its authority to grant writs of execution. See Trustmark Ins., 193 F.3d at 559. Writs of execution are not motions for relief from a final judgment; they concern just the opposite – enforcement of a final judgment. And the Federal Rules of Civil Procedure provide parties like Plaintiffs a tool to avoid execution of a final judgment during

3

an appeal: obtain a stay of the judgment by supersedeas bond. Fed. R. Civ. P. 62(d).

Accordingly, the Court grants Plaintiffs leave to post a superseadas bond pursuant to Fed. R. Civ. P. 62(d) within ten days; in the event Plaintiffs fail to post a bond within ten days their motions to stay and to deny issuance of writs of execution will be DENIED and Defendants' applications for writs of execution will be GRANTED.

IT IS SO ORDERED.

*/s/ William E. Smith*
_____
William E. Smith
Chief Judge
Date:  October 30, 2015